## ROBINSON *vs.* CUSHING.

One of two or more joint owners of a vessel cannot maintain an action in his name *alone* for freight, though he be also Master.

THIS was *assumpsit* to recover freight for transporting the defendant's goods from *Boston* to a place called *Burnt Coat,* in *Nov.* 1827, in the Schooner *Polly,* of which the defendant was Master, and for the use of said vessel and crew in taking goods from a wreck. The amount charged was $52,25. The general issue was pleaded and joined. It was admitted that one *Levi Robinson* was joint owner of the *Polly,* with the plaintiff, and that he was present when the contract was made with the plaintiff for the services charged.

The plaintiff read the following memorandum in writing signed by the defendant, *viz*: "I agree to settle with *Capt. Daniel Robinson* for the amount of $7,50 for freight and passage, and pay him what balance may be due him when he delivers the remainder of the freight. *Gott's Island, Feb.* 7, 1828." But there was no proof that any goods were freighted after the date of this memorandum.

The defendant's counsel contended that *Levi Robinson,* the other part owner, should have been joined in the action, and requested the Judge so to instruct the jury. But *Perham J.* who presided, instructed them, that *the Master* might maintain the ac-

tion *in his own name* — and a verdict was accordingly returned for the plaintiff. To this ruling and instruction the defendant's counsel excepted and brought the case to this Court.

*Deane*, for the defendant, argued in support of the exceptions, and cited *Abbot on Shipping*, 99, 216; *Emery* v. *Hersey*, 4 *Greenl.* 407; *Wilkins* v. *Reed*, 6 *Greenl.* 220.

*Hathaway*, for the plaintiff, contended that as *Master*, the plaintiff might maintain the action, and cited 1 *Chitty's Pl.* 8.

MELLEN C. J. — This case comes before us on exceptions taken to the opinion and instructions of the presiding Judge of the Court of Common Pleas, and the only question is, whether it is competent for the plaintiff to maintain the action in his own name alone, or whether *Levi Robinson* should have been joined as co-plaintiff. It appears by the exceptions, that at the time the services were performed for the defendant and for which compensation is sought in this action, the plaintiff and *Levi Robinson* were joint owners of the schooner *Polly*, and, of course, jointly entitled to her earnings. It is a principle of law, perfectly settled, that *joint* contractors must sue and be sued *jointly*. If all the joint contractors on one side are not sued, the *non-joinder* of those who should have been joined can be taken advantage of *only* by plea in abatement: but if all the joint contractors on the other side are not joined as *plaintiffs*, the defendants may take advantage of such non-joinder upon the *general issue* and defeat the action. In the case before us the defendant relies on this kind of objection; and we must pronounce it a fatal one, unless something peculiar in the facts relieves this case from the operation of the general principle. The plaintiff was master of the schooner, and in that capacity was also agent for the other owner. It appears that *Levi Robinson* was present when the defendant applied to the plaintiff to take his goods from the wreck and to perform the services with the vessel and crew. That circumstance is of no importance: nor do we perceive that the memorandum signed by the defendant, thereby agreeing to settle with the plaintiff for the amount of seven dollars and fifty cents for freight and passage, has any effect upon the question of joinder. The plaintiff represented and acted for both owners; and the

contract, in legal contemplation was made with both; *Abbot on Shipping*, 92; and both should have been joined as plaintiffs. Accordingly, the exceptions are sustained and the verdict set aside. A new trial can be of no use, and judgment must be entered in favor of the defendant for his costs.